*W. Inman Curry,* for defendant.

---

13455.  MAYOR AND ALDERMAN OF SAVANNAH *v.* SPALDING CONSTRUCTION CO.

STEPHENS, J.  1.  A municipal corporation, when undertaking for a consideration through its city engineer or surveyor, under authority of an ordinance of the city, to measure and mark out land lines between adjoining property owners, is not engaged in a governmental function, but in a ministerial function involving no governmental duties, and is therefore liable to one with whom it has contracted to perform such duty for damages arising from a failure to properly .perform such duty.

2.  Where a property owner, when contemplating the erection of a building upon a lot in the city, engages the city's engineer to mark out his lot lines, in compliance with a city ordinance making it mandatory upon the lot owner to have the lot lines marked out by the city's engineer before beginning the erection of the foundation of a building upon the lot, and where the city in undertaking so to do runs the land lines by mistake so that the lot marked off and belonging to the owner would include land to which he had no title, and the owner erects on the lot so marked off a house which encroaches upon land to which he has no title, he may recover for damage sustained by him from so building his house as a result of the mistake made by the defendant.

3.  In a suit by the lot owner against the city to recover for damage thus sustained, where he did not discover the mistake in the measurements until after the completion of the building, the damage sustained by the plaintiff was the cost of removing the house and replacing it upon his own lot as determined by the true measurements. In such a case it is unnecessary to inquire into the plaintiff's loss sustained by reason of his having purchased and resold at a loss the lot upon which the house projected as well as adjoining property, all of which it was necessary for the plaintiff to purchase in order to acquire title to the lot upon which his house projected. The defendant's special demurrer directed to the allegations in the petition setting up facts as a basis for such non-recoverable damage was erroneously overruled.

4.  Where, as appears from the petition in the case under consideration, the plaintiff, after having erected his building upon the lot as erroneously marked out by the defendant, sold and conveyed to another the tract which the plaintiff then in fact owned, including the house which projected upon land to which he had no title and which he did not attempt to convey, the plaintiff's measure of damages would still be as above indicated. Since the lot which he had conveyed and sold to another was property to which he had title, no inquiry into any damage which he

may have suffered as a result of an alleged breech of warranty by him to his vendee was material to the issue.

5. Whether the plaintiff could recover damages because of a breach of warranty to his vendee, had the plaintiff, by the defendant's mistake, been induced to convey the property by its false measurements and thereby convey what he did not own, is not a question here presented for determination.

6. The court erred in overruling the special demurrer.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED MARCH 1, 1923.

Action for damages; from city court of Savannah — Judge Freeman. February 15, 1922.

Shelby Myrick, Edwin A. Cohen, for plaintiff in error.

McIntire, Walsh & Bernstein, S. N. Gazan, contra.